United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIEN VAN NGUYEN,<br><br>            Plaintiff(s),<br><br>      v.<br><br>CITY OF UNION CITY,<br><br>            Defendant(s).<br>_____/ | No. C-13-01753-DMR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DOCKET NO. 4]** |

Defendants City of Union City (the "City"), Officer Brian Baumgartner ("Officer Baumgartner"), Officer Manny Leon ("Officer Leon"), Officer Joseph Cota ("Officer Cota"), Officer Daniel Dejong ("Officer Dejong"), and Officer Jeffrey Stewart ("Officer Stewart")[1] have filed a Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion") [Docket No. 4]. For the reasons stated below, the Motion is granted in part and denied in part.

## I. PROCEDURAL HISTORY

On July 18, 2012, Plaintiff Tien Van Nguyen ("Plaintiff") filed a Complaint in Alameda County Superior Court, alleging causes of action for assault, battery, battery by a peace officer, and

---

[1] Officer Stewart was erroneously sued as "Jeffrey Steward." Motion at 2. Officers Baumgartner, Leon, Cota, Dejong, and Stewart are referred to collectively as "the Individual Defendants."

intentional infliction of emotional distress ("IIED") against all Defendants. On March 21, 2013, the Superior Court granted Plaintiff's stipulated request to amend the complaint.

On March 25, 2013, Plaintiff filed his First Amended Complaint ("FAC"). [Docket No. 1 at 30.] The FAC asserts four causes of action against all Defendants: assault, battery, battery by a peace officer, and IIED. FAC at ¶¶ 15-37. In addition, Plaintiff asserts two claims under 42 U.S.C. § 1983: excessive force and municipal liability. *Id.* at ¶¶ 33-37. Plaintiff did not clearly specify the defendants against whom he asserts these claims.

On April 18, 2013, Defendants removed this matter to the Northern District of California on the basis that the court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

## II. FACTUAL ALLEGATIONS

For purposes of this motion, this order assumes the following facts alleged in the FAC are true. The Individual Defendants are sworn peace officers employed by the City, which operates and manages the Union City Police Department. Each of the officers was acting within the scope of his employment with respect to the events giving rise to this lawsuit.

On November 29, 2011, Officers Baumgartner and Stewart received reports of a residential burglary at 2178 De Witt Court in Union City, California. The responding officers discovered that the residence was a marijuana grow house and that unknown assailants had attempted but failed to rob it. Officer Baumgartner conducted a canine search of the residence. Officers Cota and Dejong then responded to the area and joined the search.

While searching the surrounding area, the officers noticed a black car. Upon closer observation, the officers saw Plaintiff, who was hiding on the floorboard of the backseat of the car. He had been constrained there and unable to maneuver for an hour before he was discovered by the officers. Plaintiff was unarmed. The officers ordered Plaintiff to show his hands, and he attempted to do so. The officers unsuccessfully tried to gain entry to the car by breaking the right-front passenger window. They then opened the rear passenger-side door, which was unlocked. They ordered Plaintiff to raise his hands. Despite Plaintiff's clear attempt to comply, the officers deployed the dog on Plaintiff. The dog bit Plaintiff's leg and did not let go. Fearful and in excruciating pain, Plaintiff attempted to push the dog off his leg. Despite Plaintiff's screams for help, the officers did

not order the dog to release Plaintiff or otherwise act to stop the dog from injuring him. The dog eventually released Plaintiff, but not before inflicting severe injuries to his leg that required a substantial amount of stitches, hospitalization, and recovery.

On March 1, 2012, Plaintiff filed a claim with and against the City, which the City rejected on June 14, 2012.

## III. STANDARD OF REVIEW

When reviewing a motion to dismiss for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). In other words, the facts alleged to demonstrate an "entitle[ment] to relief require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2005) (brackets in original) (quotation marks omitted) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) ("Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss." (citation omitted)).

## IV. DISCUSSION

**A. Allegations Against Officer Leon**

The FAC does not allege that Officer Leon responded to the area, searched the car, deployed the dog, interacted with Plaintiff, or otherwise committed any specific actions. Plaintiff has therefore failed to state a claim against Officer Leon. At oral argument, Plaintiff's counsel stated that Officer Leon was one of the responding officers, and that his omission from the key allegations in the FAC was an oversight. The claims against Officer Leon are therefore dismissed with leave to amend.

**B. Assault**

The tort of assault recognizes the individual's right to peace of mind and to live without fear of personal harm. *Steel v. City of San Diego*, 726 F. Supp. 2d 1172, 1189 (S.D. Cal. 2010) (citing *Thing v. La Chusa,* 48 Cal.3d 644, 649 (1989)). To prevail on a claim of assault, a plaintiff must establish: (1) the defendant threatened to touch the plaintiff in a harmful or offensive manner; (2) it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the defendant's conduct; (4) the plaintiff was harmed and (5) the defendant's conduct was a substantial factor in causing the plaintiff's harm. Judicial Council of California, Civil Jury Instructions No. 1301 ("Assault"); *Tekle v. United States,* 511 F.3d 839, 855 (9th Cir. 2007).

### i. Assault by Individual Defendants

Defendants argue that Plaintiff insufficiently pleaded his assault claim because the FAC "does not factually allege any act by any of the [Individual Defendants] intending to cause harmful (or offensive) contact." Motion at 3. Defendants stress that the FAC only references the Individual Defendants by name a handful of times. However, Defendants ignore that the FAC contains numerous factual allegations against "Defendant Officers" or "Defendants" collectively. More fundamentally, Plaintiff's allegations are sufficient to support a reasonable inference that the Individual Defendants engaged in acts that, if true, would give rise to an assault claim. Plaintiff alleges that all of the Individual Defendants (except Officer Leon) were involved in his arrest, during which he was severely mauled by the City's police dog despite his attempts to comply with police instructions. FAC ¶ 15. He alleges that, by deploying the dog against Plaintiff, the "Defendant Officers" acted in a manner showing an intent to cause harmful or offensive contact on the person of Plaintiff, and that "upon hearing the [dog] bark and approach, Plaintiff reasonably believed that he was about to be touched in a harmful manner." *Id.* at ¶ 16. Plaintiff was in fact touched in this manner. *Id.* Plaintiff did not consent to the contact by the dog, and as a direct result of the contact, sustained severe injuries, fear, and excruciating pain. *Id.* at ¶¶ 9, 17. *Compare, e.g., Gomez v. City of Fremont*, 730 F. Supp. 2d 1056, 1064 (N.D. Cal. 2010) (denying summary judgment on assault, battery, and intentional infliction of emotional distress claims where, among other things, genuine issue of material fact existed as to the reasonableness of police officer's use of police dog to restrain plaintiff during arrest).

4

The Federal Rules of Civil Procedure do "not impose a probability requirement at the pleading stage; [they] simply call[] for enough fact to raise a reasonable expectation that discovery will reveal [the relevant] evidence." *Starr v. Baca*, 652 F.3d 1202, 1213 (9th Cir. 2011) *cert. denied*, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (2012) (quoting *Twombly,* 550 U.S. at 556). Accordingly, Plaintiff has sufficiently alleged each element of an assault claim against the Individual Defendants, which the exception of Officer Leon for reasons discussed above.

**ii. Assault Claim Against the City**

Defendants assert Plaintiff has failed to plead a cause of action for assault against the City because California public entities are not liable for common law torts. For this argument, Defendants cite Section 815 of the California Government Code.

Section 815 provides that public entities are not generally liable for injuries caused by their employees, unless otherwise provided by statute. Cal. Gov. Code § 815.[2] In turn, Section 815.2 provides the statutory basis for public entity liability for injuries caused by employees acting within the scope of their employment:

> (a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.
>
> (b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

Cal. Gov. Code § 815.2. *See also Robinson v. Solano Cnty.*, 278 F.3d 1007, 1016 (9th Cir. 2002) ("California . . . imposes liability on [public entities] under the doctrine of respondeat superior for acts of county employees; it grants immunity to [public entities] only where the public employee

---

[2] Cal. Gov. Code § 815 states:

> Except as otherwise provided by statute:
>
> (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.
>
> (b) The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person.

would also be immune.") (citing Cal. Gov. Code § 815.2); *Scott v. County of Los Angeles,* 27 Cal. App. 4th 125, 139-40, 32 Cal. Rptr. 643 (Cal. Ct. App. 1994) ("Under Government Code section 815.2, subdivision (a), the County is liable for acts and omissions of its employees under the doctrine of respondeat superior to the same extent as a private employer. Under subdivision (b), the County is immune from liability if, and only if, [the employee] is immune.") (emphasis omitted); *White v. County of Orange,* 166 Cal. App. 3d 566, 570, 212 Cal. Rptr. 493 (Cal. Ct. App. 1985) ("[I]n governmental tort cases, the rule is liability, immunity is the exception.") (citation omitted).

Defendants do not dispute that the City could be liable for the actions of the officers under a theory of vicarious liability or respondeat superior pursuant to Section 815.2(a). Defendants simply insist that the FAC "does not allege statutory vicarious liability. It only alleges direct liability against the City." Reply [Docket No. 10] at 3. The FAC properly alleges that the officers were employed by the City and were acting within the scope of their employment at all relevant times. It is reasonable to interpret the FAC as asserting claims against the City based upon the acts of its officers. However, Plaintiff should amend the complaint to make clear that he asserts the tort claims against the City solely on a theory of liability for the acts of its employees operating within the scope of their employment, pursuant to Section 815.2.

The next step of the analysis requires the court to consider Section 815.2(b), which prohibits public entity liability where the accused public employee is immune from liability. Defendants raised qualified immunity as an affirmative defense to all claims asserted against the Individual Defendants. Answer [Docket No. 1 at 20]. However, Defendants explicitly declined to make any argument regarding qualified immunity for purposes of this Motion. *See* Reply at 10 ("The individual officer defendants reserve the right to assert qualified immunity at a later date—e.g. motion for summary judgment/adjudication and trial—but they did not raise qualified immunity at this junction. For that reason, it is improper to rule on Defendants' qualified immunity defense at this time.").

Because Defendants specifically requested that the court not adjudicate the immunity issue at this time, and because Plaintiff properly pleaded a claim for assault against the Individual Officers for acts allegedly committed within the scope of their employment, Plaintiff has sufficiently alleged a claim against the City for vicarious liability for the Individual Defendants' alleged assault.

**C. Battery**

The elements of the California common law tort of civil battery are: (1) defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to plaintiff. *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 526-27, 89 Cal. Rptr. 3d 801, 811 (Cal. Ct. App. 2009).

### i. Battery by Individual Defendants

As with their argument for dismissal of the assault claim, Defendants' argument for dismissal of the battery claim misstates and minimizes the factual allegations. Plaintiff alleges that "Defendants caused Plaintiff to be touched with the intent to harm Plaintiff by using a [dog] to apprehend Plaintiff when Plaintiff was surrendering." FAC ¶ 20. Plaintiff did not consent to the touching, and a reasonable person in Plaintiff's situation would have been offended by the use of a dog against a surrendering person who was unarmed and posing no threat to the Individual Defendants. *Id.* at ¶ 21. As a direct result, Plaintiff sustained severe injuries to Plaintiff's leg. *Id.* at ¶ 22.

Plaintiff has thus sufficiently alleged each element of a battery claim against the Individual Defendants, which the exception of Officer Leon for the reasons discussed above.

Defendants also argue that the battery cause of action is superfluous because it is the same cause of action as Plaintiff's claim for battery by a peace officer. However, as described below, the elements of the two causes of action are different and require Plaintiff to prove different sets of facts. Accordingly, dismissal of Plaintiff's battery claim is inappropriate.

### ii. Battery Claim Against the City

Defendants simply repeat their argument that public entities are not liable for common law torts. For the reasons stated above, Plaintiff has sufficiently alleged a claim against the City for vicarious liability for the Individual Defendants' alleged battery, but should amend the complaint to clearly specify the statutory basis for that claim.

**D. Battery by a Peace Officer**

In a claim for battery by a peace officer, under California law, a plaintiff must prove that (1) the defendant intentionally touched the plaintiff, (2) the defendant used unreasonable force to arrest,

7

prevent the escape of, or overcome the resistance of the plaintiff, (3) the plaintiff did not consent to the use of that force, (4) the plaintiff was harmed, and (5) the defendant's use of unreasonable force was a substantial factor in causing the plaintiff's harm. *Pryor v. City of Clearlake,* 877 F. Supp. 2d 929, 952 (N.D. Cal. 2012) (citing Judicial Council of California, Civil Jury Instruction 1305 and *Edson v. City of Anaheim,* 63 Cal.App.4th 1269, 1272, 74 Cal. Rptr. 2d 614 (1998)). In determining whether a defendant used unreasonable force, the fact finder must determine the amount of force that would have appeared reasonable to a peace officer in the defendant's position under the same or similar circumstances. Judicial Council of California, Civil Jury Instruction 1305.

### i. Battery by a Peace Officer by Individual Defendants

Plaintiff alleges that Defendants harmed Plaintiff by using unreasonable force to apprehend him despite his attempt at cooperation, lack of resistance, and unarmed state. FAC ¶¶ 24-25. The Individual Defendants intentionally caused Plaintiff to be touched by deploying the dog against him. *Id.* at ¶ 25. Plaintiff did not consent to the use of unreasonable force. *Id.* As a direct result of the Individual Defendants' use of reasonable force, Plaintiff suffered severe injuries to his leg. *Id.*

Plaintiff has sufficiently alleged each element of a battery by a peace officer claim against the Individual Defendants, which the exception of Officer Leon for the reasons discussed above.

### ii. Battery by a Peace Officer Claim Against City

Defendants repeat their argument that public entities are not liable for common law torts. For the reasons stated above, Plaintiff should clearly state the basis for its claim against the City, but otherwise has sufficiently alleged a claim against the City for vicarious liability for battery by a peace officer.

## E. Intentional Infliction of Emotional Distress

The elements of an IIED claim in California are: (1) "[e]xtreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the potential for causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *KOVR-TV, Inc. v. Super. Ct.,* 31 Cal. App. 4th 1023, 1028, 37 Cal. Rptr. 2d 431 (Cal. Ct. App. 1995).

### i. IIED by Individual Defendants

8

Plaintiff alleges that the Individual Defendants, acting as agents of the City, acted with reckless disregard and caused Plaintiff emotional distress by deploying the dog against him while he was unarmed and surrendering. FAC ¶ 29. Plaintiff also alleges that Defendants knew that emotional distress would probably result from this conduct. *Id.* Plaintiff alleges that Defendants' behavior was "outrageous and intolerable in a civilized community because they used unreasonable and potentially deadly force." *Id.* at ¶ 31. As a result, Plaintiff alleges he suffered severe emotional distress and economic injuries. *Id.* at ¶ 32.

Plaintiff has thus sufficiently alleged each element of an intentional infliction of emotional distress claim against the Individual Defendants, which the exception of Officer Leon for the reasons discussed above.

The court next considers Defendants' argument that California Government Code § 821.6 bars the Individual Defendants from liability for IIED. Section 821.6 provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov. Code § 821.6. "The provision's principal function is to provide relief from malicious prosecution." *Blankenhorn v. City of Orange*, 485 F.3d 463, 487-88 (9th Cir. 2007) (citing *Kayfetz v. California,* 156 Cal. App. 3d 491, 203 Cal. Rptr. 33, 36 (Cal. Ct. App. 1984)). "The statute also 'extends to actions taken in preparation for formal proceedings,' including actions 'incidental to the investigation of crimes.'" *Id.* at 488 (citing *Amylou R. v. County of Riverside*, 28 Cal. App. 4th 1205, 34 Cal. Rptr. 2d 319, 321-22 (Cal. Ct. App. 1994)). "Even so, section 821.6, as it applies to police conduct, is limited to actions taken in the course or as a consequence of an investigation." *Id.*

The type of conduct the Individual Defendants are alleged to have committed is "not the sort of conduct to which section 821.6 immunity has been held to apply." *Blankenhorn*, 485 F.3d at 488 (Section 821.6 immunity does not apply to officers accused of arresting plaintiff using excessive force "[b]ecause [the plaintiff's] assault and battery, negligence, and intentional infliction of emotional distress claims are based on acts that allegedly happened during his arrest, not pursuant to an investigation into his guilt"). *See also Crowe v. County of San Diego,* 303 F.Supp.2d 1050, 1120 (S.D. Cal. 2004), *rev'd in part on other grounds*, 608 F.3d 406 (applying Section 821.6 immunity to

9

officers conducting interrogations and strip searches during the course of a murder investigation). The cases that Defendants cite do not apply Section 821.6 immunity to the alleged use of excessive force, assault, battery, or intentional infliction of emotional distress by police officers in the course of an attempted arrest. *See, e.g.*, *Baughman v. California,* 38 Cal.App.4th 182, 45 Cal. Rptr. 2d 82 (Cal. Ct. App. 1995) (applying Section 821.6 immunity to officers who destroyed computer floppy disks during search pursuant to investigation of computer equipment theft); *Amylou R. v. County of Riverside*, 28 Cal. App. 4th 1205, 1208-11, 34 Cal. Rptr. 2d 319 (Cal. Ct. App. 1994) (applying Section 821.6 immunity to officers who took rape and attempted murder victim against her will to the crime scene and later told neighbors that she was lying about what happened); *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1050, 55 Cal. Rptr. 3d 158, 172 (Cal. Ct. App. 2007) (police officers immune from liability for defamation and IIED for press releases and other public statements made in the course of their investigation of a purported crime).

Accordingly, the factual allegations support a cognizable legal theory for which the Individual Defendants are not entitled to immunity under Section 821.6.

### ii. IIED Claim Against City

Defendants repeat the argument that public entities are not liable for common law torts and therefore the IIED claim against the City is barred. For the reasons provided above, Plaintiff should clarify the nature of his IIED claim against the City, but has otherwise sufficiently pleaded a claim pursuant to Section 815.2.

### F. Excessive Force

Plaintiff's Fifth Cause of Action is for excessive force under 42 U.S.C. § 1983 against Defendants. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (citations omitted). Section 1983 creates a civil cause of action against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives another person of any of their "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. In order to state a claim for damages under Section 1983, a complaint must allege that (1) "the conduct complained of was committed by a person acting under color of state law," and that "(2) "this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or

laws of the United States." *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986).

### i. Excessive Force by Individual Defendants

Plaintiff alleges that the Individual Defendants committed the relevant acts and omissions within the scope of their employment as police officers for the City. Plaintiff thus has sufficiently alleged that the Individual Defendants were acting under color of state law.

Plaintiff has also sufficiently alleged that the Individual Defendants' conduct deprived him of his constitutional rights. A claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other "seizure" is properly analyzed under the Fourth Amendment's "objective reasonableness" standard. *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1156 (N.D. Cal. 2009) (citing *Graham. v. Connor,* 490 U.S. 386, 388 (1989)). The Fourth Amendment guarantees that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV. "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interest at stake." *Graham,* 490 U.S. at 396 (quotations omitted). "[U]se of [a] police dog is subject to excessive force analysis." *Mendoza v. Block*, 27 F.3d 1357, 1362 (9th Cir. 1994). It is "clearly established that excessive duration of [a police dog] bite and improper encouragement of a continuation of the attack by officers could constitute excessive force that would be a constitutional violation." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998).

As described above, Plaintiff alleges that the Individual Defendants used excessive force against him when they caused the dog to bite his leg and failed to stop the dog despite his attempts to cooperate and his cries for help. These allegations, taken as true, sufficiently state a claim against the Individual Defendants for excessive force under Section 1983.[3]

---

[3] Defendants argue that the FAC does not allege that "any of the four officers integrally participated in any use of force against Plaintiff." Motion at 11. An officer may be liable for conduct where there has been "integral participation . . . in the alleged constitutional violation." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1206 (9th Cir. 2008) (citing *Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir. 1996)). "'[I]ntegral participation' does not require that each officer's actions themselves rise to the level of a constitutional violation." *Boyd v. Benton Cnty.*, 374 F.3d 773, 780 (9th Cir. 2004). However, it does require "some fundamental involvement in the conduct that allegedly caused the violation."

11

### ii. Excessive Force Claim Against the City

The FAC does not specify which Defendants are alleged to be liable for Plaintiff's excessive force claim. To the extent the FAC asserts the excessive force claim against the City, that claim is dismissed with prejudice, because a municipality cannot be held liable under Section 1983 on a respondeat superior theory for the torts allegedly committed by its employees. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 694-95 (1978); *Thompson v. City of Los Angeles,* 885 F.2d 1439, 1443 (9th Cir. 1989), *overruled on other grounds by Bull v. City and County of San Francisco*, 595 F.3d 964 (9th Cir. 2010).

### G. Municipal Liability Claim Against the City

Plaintiff also sues the City under Section 1983 on a theory of municipal liability.[4] Plaintiff must show that a City policy, practice, or custom caused the violation of his rights. *Monell*, 436 at 690; *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) ("[P]laintiffs must establish that the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation they suffered.") (citations omitted).

Previously, the pleading standard for municipal liability claims against local governments was low, requiring the plaintiff "to set forth no more than a bare allegation that government officials' conduct conformed to some unidentified government policy or custom." *AE*, 666 F.3d at 637 (citing *Shah v. County of Los Angeles,* 797 F.2d 743, 747 (9th Cir. 1986) and *Whitaker v. Garcetti,* 486 F.3d 572, 581 (9th Cir.2007)). However, the Ninth Circuit recently reconsidered the pleading standard for *Monell* claims in light of the Supreme Court's decisions in *Twombly* and *Iqbal*. *See AE*, 666 F.3d at 637.

In *AE,* the Ninth Circuit first summarized its holding in *Starr*, in which it discussed the post-*Twombly* and *Iqbal* pleading standard:

> We held that . . . "whatever the difference between [*Swierkiewicz, Dura Pharmaceuticals, Twombly, Erickson*, and *Iqbal* ], we can at least state the following two principles common to

---

*Blankenhorn*, 485 F.3d at 481 n.12. The FAC alleges that the Individual Defendants were all responding officers and were all present when the dog was allegedly deployed despite Plaintiff's attempts to cooperate. These allegations are sufficient to plead excessive force claims against the Individual Defendants, with the exception of Officer Leon for reasons stated above. Defendants have not cited any cases requiring a more exacting application of the integral participation rule at the pleading stage.

[4] During oral argument, Plaintiff explained that he asserts his municipal liability claim only against the City. Plaintiff should make this clear in his amended complaint.

all of them. First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."

*AE*, 666 F.3d at 637 (quoting *Starr,* 652 F.3d at 1216). Then, the court held that this pleading standard also applies to *Monell* claims, suggesting that bare allegations that government officials' conduct conformed to some unidentified government policy, previously acceptable in the Ninth Circuit, were no longer sufficient to plead a claim for municipal liability.

The *AE* court then examined the amended complaint under this standard. The amended complaint alleged that all defendants performed all acts and omissions regarding the plaintiff's foster care placement and supervision "under the ordinances, regulations, customs, and practices of" the county. *Id.* It also alleged that the defendants "maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs" that it elsewhere alleged but did not put forth additional facts regarding the specific nature of this alleged "policy, custom or practice," other than to state that it related to "the custody, care and protection of dependent minors." *Id.* The Ninth Circuit upheld the district court's determination that the plaintiff failed to state a claim for *Monell* liability against the defendant county.

Plaintiff here alleges that the acts or omissions by Defendants were caused by: (1) inadequate and arbitrary training, supervision, and discipline of officers by the City; (2) the City's failure to promulgate appropriate policies with respect to appropriate uses of force, including the use of canines; (3) the deliberate indifference of the City to the use of excessive force; and (4) customs or de facto policies of the City. FAC ¶ 36. Plaintiff alleges that the final decision makers of the City ratified the acts or omissions by Defendants. *Id.* These actions, Plaintiff alleges, constitute deliberate indifference on the part of the City to its obligations to insure the preservation and protection of an individual's constitutional rights. *Id.* Plaintiff alleges that the City knew or should have known that its acts and omissions would likely have resulted in a violation of the Fourth and Fourteenth Amendment rights of a person in Plaintiff's situation, and that the City's acts and omissions were a critical factor in the deprivation of Plaintiff's constitutional rights and the injuries he suffered. *Id.* at ¶ 37.

13

Plaintiff's *Monell* allegations are little more than conclusory.  Although the allegations allude to the possibility of a deficient policy regarding the use of canines, they do not describe the policy. Plaintiff's broad charges are insufficient to give fair notice to the City about the specific basis for municipal liability, such that the City could defend itself.  *Compare Mateos-Sandoval v. Cnty. of Sonoma*, Case No. 11-cv-5817 TEH, 2013 WL 415600 (N.D. Cal. Jan. 31, 2013) (denying motion to dismiss municipal liability claim where allegations specify the content of the policies, customs, or practices the execution of which gave rise to plaintiffs' constitutional injuries) and *Dorger v. City of Napa*, Case No. 12-cv-440 YGR, 2012 WL 3791447 (N.D. Cal. Aug. 31, 2012) (denying motion to dismiss municipal liability claim where plaintiffs alleged the existence of an official policy as reflected in a grand jury report issued after investigation of a shooting that found that events leading to decedent's death were due in part to police department's failure to coordinate its training and practices with mental health professionals, and further alleged that other complaints had been made against police department for use of excessive force and for failure to respond appropriately to persons in mental health crisis) *with Brown v. Contra Costa Cnty.*, Case No. 12-cv-1923 PJH, 2012 WL 4804862 (N.D. Cal. Oct. 9, 2012) (plaintiff failed to state municipal liability claim where he alleged only that the actions of the individual defendants (1) were caused by customs or practices of the District Attorney's Office; (2) were caused by deliberate indifference of the District Attorney's Office; and/or (3) were ratified by final decision-makers of the District Attorney's Office).

Plaintiff has thus failed to sufficiently allege a Section 1983 claim against the City for municipal liability and Defendants' motion to dismiss this claim is granted with leave to amend.

**H.  Punitive Damages**

Plaintiff seeks punitive and exemplary damages.  FAC at 7.  A plaintiff may recover punitive damages for a Section 1983 claim "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  *Smith v. Wade*, 461 U.S. 30, 56 (1983).  A plaintiff may recover punitive damages for his state tort claims pursuant to California Civil Code § 3294, which authorizes an award for exemplary damages against a tortfeasor who has been guilty of "oppression, fraud or malice, express or implied."  *G. D. Searle & Co. v. Superior Court*, 49 Cal. App. 3d 22, 26, 122 Cal. Rptr. 218 (Cal. Ct. App. 1975) (citing Cal. Civ. Code § 3294).  Malice "sufficient to support an award of punitive

damages . . . may be established by a showing that the defendant's wrongful conduct was willful, intentional, and done in reckless disregard of its possible results." *Id.* at 28. "When the plaintiff alleges an intentional wrong, a prayer for exemplary damage may be supported by pleading that the wrong was committed willfully or with a design to injure." *Id.* at 29.

### i. Punitive Damages Against the Individual Defendants

Contrary to Defendants' argument, Plaintiff's factual allegations supporting his request for punitive damages are not merely conclusory. Plaintiff has alleged that the Individual Defendants intentionally deployed their dog to bite Plaintiff despite his clear attempt to surrender, his lack of resistance, his screams for help, and his unarmed status. These are specific allegations which, if taken as true, could demonstrate that the Individual Defendants acted with at least reckless disregard. Accordingly, Plaintiff has sufficiently pleaded his prayer for punitive damages.

### ii. Punitive Damages Claim Against the City

Plaintiff does not contest that the City is not liable for punitive damages under California law or Section 1983. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("[A] municipality is immune from punitive damages under 42 U.S.C. § 1983."); Cal. Gov. Code § 818 ("Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant."). Accordingly, Plaintiff's claim for punitive or exemplary damages against the City is dismissed with prejudice.

## V. CONCLUSION

For the reasons stated above, the court DENIES IN PART and GRANTS IN PART Defendants' Motion to Dismiss. By July 1, 2013, Plaintiff shall amend the complaint in conformance with this order.

IT IS SO ORDERED.

Dated: June 17, 2013

DONNA M. RYU
United States Magistrate Judge

15